UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY TROSCLAIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11404-WBV-DPC** |
| **HILCORP ENERGY COMPANY, ET AL.** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is Hilcorp Energy Company's Motion for Summary Judgment.[1] The Motion is opposed,[2] and Hilcorp Energy Company has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from injuries sustained as a result of an allision between a recreational vessel and a submerged pipe in the navigable waters of Lake Pelto in Terrebonne Parish, Louisiana. On or about May 20, 2019, Billy Trosclair filed a Petition for Damages in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana against Hilcorp Energy Company ("Hilcorp") and Oryx Energy Company f/k/a Sun Oil Company ("Oryx Energy").[4] Trosclair alleges that on or about May 22, 2018, he was operating a thirty-eight foot Jupiter Vessel, traveling from east to west near a Sun Oil Platform in Lake Pelto in Terrebonne Parish, when "suddenly and

---

[1] R. Doc. 35.
[2] R. Doc. 37.
[3] R. Doc. 45.
[4] R. Doc. 1-1.

without warning" his vessel struck an unmarked, submerged portion of a pipeline, causing injuries to himself and to the Jupiter Vessel.[5] Trosclair alleges that at all material times herein, the pipeline was owned and/or operated by Hilcorp and Oryx Energy and the pipeline had no warnings alerting boaters of the pipeline's presence.[6] Trosclair further alleges that he sustained severe and debilitating injuries to his neck, back, and shoulder as a result of the accident and the negligence of Hilcorp and Oryx Energy.[7] On June 28, 2019, Hilcorp filed a Notice of Removal, asserting that this Court has diversity jurisdiction over Trosclair's claims pursuant to 28 U.S.C. § 1332, as well as general maritime jurisdiction pursuant to 28 U.S.C. § 1333.[8] On January 10, 2020, the Court granted Trosclair's Motion for Partial Dismissal, and dismissed Oryx Energy from this litigation without prejudice.[9]

On January 8, 2021, Hilcorp filed this instant Motion for Summary Judgment, asserting that Trosclair cannot show sufficient support for an essential element of his maritime tort case – that Hilcorp owed Trosclair a legal duty.[10] Hilcorp asserts that because the alleged accident occurred on navigable waters and bears a significant relationship to a traditional maritime activity, general maritime law should apply to Trosclair's claims.[11] Hilcorp further asserts that general negligence principles apply

---

[5] *Id.* at ¶¶ 4-5.
[6] *Id.* at ¶¶ 6-7.
[7] *Id.* at ¶¶ 8-9.
[8] R. Doc. 1 at ¶¶ 4, 10.  Hilcorp asserts that removal is timely because the Notice of Removal was filed within 30 days after service of process on Hilcorp on June 4, 2019.  *Id.* at ¶¶ 2-3.
[9] R. Docs. 9, 11.
[10] R. Doc. 35; R. Doc. 35-1 at p. 5.
[11] R. Doc. 35-1 at p. 5. (quoting *Creppel v. Shell Oil Co.*, 738 F.2d 699, 701 (5th Cir. 1984)) (internal quotation marks omitted).

to maritime torts.[12] Thus, Hilcorp claims that to state a cause of action under general maritime law, Trosclair must establish that: (1) Hilcorp owed a duty of care to Trosclair; (2) Hilcorp breached that duty; (3) Trosclair sustained damages; and (4) Hilcorp's breach proximately caused Trosclair's damages. Hilcorp contends there is no evidence in this case to establish that Hilcorp owed Trosclair any legal duty for the floating object in Lake Pelto.

Relying upon Fifth Circuit authority, Hilcorp asserts that it is well established that a mineral lessee is not liable for an allision between a vessel and an object in navigable waters unless the mineral lessee owned, maintained, controlled, or placed the obstruction which caused the allision.[13] Hilcorp argues that, in addition to the object not being owned, placed, maintained or controlled by Hilcorp, the pipe allegedly struck by Trosclair was not even located on or connected to any property owned or leased by Hilcorp. As such, Hilcorp contends it had no duty of care to any person with regard to this object. Hilcorp points out that the Fifth Circuit has held that a lessee's nearby operations are not sufficient to impose a duty on a mineral lessee.[14] Even if the floating object had been located on a Hilcorp lease, Hilcorp claims that the Fifth Circuit has held that a mineral lessee does not have a "duty to police the waters covered by its lease or to take steps to remove obstructions which it does not own, has not placed there, or does not maintain or control."[15] Hilcorp further asserts that

---

[12] R. Doc. 35-1 at p. 5 (citing *Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987); *In re Signal Intern., LLC*, 579 F.3d 478, 491 (5th Cir. 2009)).
[13] R. Doc. 35-1 at p. 6 (citing *Creppel*, 738 F.2d at 700).
[14] R. Doc. 35-1 at p. 6 (citing *Guidry v. Apache Corp. of Del.*, 236 Fed.Appx. 24, 25 (5th Cir. 2007)).
[15] R. Doc. 35-1 at p. 8 (quoting *Creppel*, 738 F.2d at 702) (internal quotation marks omitted).

Plaintiff has failed to provide any direct, competent evidence linking Hilcorp to the floating object allegedly struck by Trosclair's vessel. As such, Hilcorp argues Trosclair's claims should be dismissed.

Trosclair opposes the Motion, asserting that, "The pipeline is believed to be owned by Hilcorp Energy Company, as it is located in an area where Hilcorp owns and/or operates the only adjacent wells."[16] Trosclair contends the overwhelming evidence supports a finding that Hilcorp was the owner, or had possession and/or "*garde*" of the pipeline in question, because it is located in an area surrounded by Hilcorp leases and Hilcorp assets, on both leased and unleased property.[17] Trosclair acknowledges that the accident occurred in an area without a Hilcorp lease, but claims that Leslie Landry, an employee and landman for Hilcorp, testified that it is common for Hilcorp to have active and nonactive "assets" (equipment, platforms, flowlines) on unleased property, such as the pipeline involved in the underlying allision.[18]

Hilcorp points out that Willard Thibodeaux, Jr., Hilcorp's construction foreman, testified during his deposition that Hilcorp had acquired an old ConnocoPhilips separation facility located to the northwest of the allision site with one outflow line running to the west and multiple inflow lines coming from various facilities located in other sections.[19] Thibodeaux further testified that Hilcorp does

---

[16] R. Doc. 37 at p. 1.
[17] *Id.* at p. 4 (*citing* R. Docs. 37-2, 37-3, 37-4).
[18] R. Doc. 37 at pp. 2, 4 (*citing* R. Doc. 37-2 at pp. 16-17, 25).
[19] R. Doc. 37 at pp. 2, 4-5 (*citing* R. Doc. 37-3 at pp. 30, 37-39).

not inspect the pipelines connected to the facilities located in the Lake Pelto area.[20] Trosclair asserts that Thibodeaux testified that, due to the lack of inspections by Hilcorp, Hilcorp does not know if any previously buried pipeline has become exposed or lifted to the surface.[21] Trosclair notes that although Hilcorp denies ownership of the pipeline at issue, it hired a diving company, C-Dive, to locate and remove the pipeline.[22] Trosclair argues that, "Based on a preponderance of the evidence, it cannot be said that Hilcorp does not own, possess or otherwise have *garde* of the pipeline involved in the underlying allision."[23] As such, Trosclair contends a genuine issue of material fact exists as to Hilcorp's ownership and/or control of the pipeline, as well as Hilcorp's liability, and that Hilcorp is not entitled to summary judgment.

In response, Hilcorp maintains that summary judgment is warranted because Trosclair has admitted that the floating object was not located on or connected to any property owned or leased by Hilcorp, and Trosclair has not come forward with any evidence to establish that Hilcorp owned, controlled, placed, maintained, or derived any benefit from the floating object.[24] Hilcorp claims that Trosclair admitted in his Opposition brief that: (1) the object he allegedly struck was a floating pipe open on both ends; (2) the pipe was not connected to anything owned or leased by Hilcorp; and (3) the accident did not occur on property owned or leased by Hilcorp.[25] Trosclair also admitted that Hilcorp does not have any active or inactive assets at any of the

---

[20] R. Doc. 37 at pp. 2, 5 (*citing* R. Doc. 37-3 at pp. 14-15, 39).
[21] R. Doc. 37 at pp. 2-3, 5 (*citing* R. Doc. 37-3 at p. 39).
[22] R. Doc. 37 at pp. 3, 5 (*citing* R. Doc. 37-3 at pp. 25-26; R. Doc. 37-5).
[23] R. Doc. 37 at p. 5.
[24] R. Doc. 45 at p. 1.
[25] *Id.* (*citing* R. Doc. 37-1 at pp. 1, 2; R. Doc. 35-2 at pp. 2, 3).

coordinates for the alleged accident, which Hilcorp claims was "undisputedly" on unleased property that it did not own.[26] Hilcorp claims these admissions alone are sufficient for this Court to grant its Motion for Summary Judgment because it cannot owe a legal duty for a floating object that was not located on or connected to any property that Hilcorp owned or leased.[27] Hilcorp argues that because the Fifth Circuit has held that a mineral lessee does not have a duty "to police the waters ***covered by its lease*** or to take steps to remove obstructions that it does not own, has not placed there, or does not maintain or control,"[28] Hilcorp cannot owe a legal duty for a floating object that was not even located on its property.[29] Hilcorp notes that Trosclair failed to address the controlling Fifth Circuit authority cited in its Motion. Hilcorp maintains that Plaintiff's mere speculation that the floating object could have been a Hilcorp asset because of nearby operations cannot defeat summary judgment.[30]

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact and the moving party is entitled to judgment as a matter of law.[31] A party moving for summary judgment under Fed. R. Civ. P. 56 must inform the Court of the basis for the motion and identify those portions of the pleadings,

---

[26] R. Doc. 45 at pp. 1-2 (*citing* R. Doc. 37-1 at pp. 1-2; R. Doc. 35-1 at p. 3).
[27] R. Doc. 45 at p. 2.
[28] *Id.* (emphasis added by Hilcorp).
[29] *Id.* (quoting *Creppel v. Shell Oil Co.*, 738 F.2d 699, 702 (5th Cir. 1984) (quotation marks omitted).
[30] R. Doc. 45 at p. 4 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).
[31] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (*citing* Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552).

depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[32] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[33] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[34] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[35] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[36]

### III. ANALYSIS

According to established Fifth Circuit authority, in order to establish that Hilcorp is liable for the allision in this case, Trosclair "must prove that the pipe was owned, maintained, controlled, or placed in position" by Hilcorp.[37] As Hilcorp

---

[32] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[33] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
[34] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[35] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[36] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[37] *Guidry v. Apache Corp. of Delaware*, 236 Fed.Appx. 24, 25 (5th Cir. 2007); *Creppel v. Shell Oil Co.*, 738 F.2d 699, 702 (5th Cir. 1984). *See also*, *Fick v. Exxon Mobil Corp.*, Civ. A. No. 13-6608, 2016 WL 81716 (E.D. La. Jan. 7, 2016) (same); *Parker v. Arco Oil & Gas Co.*, Civ. A. No. 07-5915, 2007 WL

correctly points out, establishing that Hilcorp's operations were closest to the allision site is insufficient.[38] In *Creppel v. Shell Oil Co.*, the plaintiff sued Shell Oil Company after his shrimping boat struck a pipe located in the Gulf of Mexico and at the end of the channel of Shell's lease.[39] A former Shell employee testified that he had seen the pipe prior to the accident and warned Shell that it could pose a risk to boaters traversing the waterways.[40] The jury found Shell negligent after the trial court instructed the jury on the common law standard for negligence as failure to exercise reasonable care under the circumstances.[41] On appeal, the Fifth Circuit reversed and remanded the trial court's ruling based on inadequate jury instructions, finding no precedent "in which a private party's liability for damages resulting from collision of a boat with an obstruction in navigable waters was predicated on any basis other than the defendant's ownership, custody, or placement of the obstruction in the navigable waters."[42] The Fifth Circuit concluded that, as a mineral lessee, Shell "owed no duty toward those using the navigable waterways to clear away obstructions that it does not own, has not placed there, or does not maintain there under its control."[43]

The Fifth Circuit was presented with similar facts in *Guidry v. Apache Corp. of Delaware*, in which the plaintiff's shrimp trawler allided with a section of a pipe

---

4299426, at *2 (E.D. La. Dec. 6, 2007) ("A duty exists when the lessee owns the obstructions, has placed them, or maintains them under its control.").
[38] *Fick*, Civ. A. No. 13-6608, 2016 WL 81716 at *2 (citing *Guidry*, 236 Fed.Appx. at 25).
[39] *Creppel*, 738 F.2d at 700.
[40] *Id.*
[41] *Id.*
[42] *Id.* at 701.
[43] *Id.* at 702.

while he was shrimping in the navigable waters of Grand Bayou Blue, a bayou that crossed an oil field leased by one of the defendant's.[44] The district court dismissed the case after granting both defendants' motions for summary judgment.[45] The Fifth Circuit affirmed, explaining that, "To establish liability the Guidries must prove that the pipe was owned, maintained, controlled, or placed in position by either Apache or Chevron."[46] The Fifth Circuit found that plaintiffs failed to present any summary judgment evidence linking the pipe to either defendant. According to the Fifth Circuit, the undisputed evidence before the court showed that the pipe was long-abandoned, submerged near an active public waterway, it was cut at both ends and it was not connected to any equipment owned by either defendant.[47] The Fifth Circuit concluded that, "Faced with similar facts in *Creppel*, we explained that the plaintiff could not survive summary judgment without some evidence linking the defendant to the submerged pipe. It is not enough that the defendants' operations were closest to the allision site."[48] In affirming summary judgment, the Fifth Circuit noted that the plaintiffs had provided no evidence, except for speculation, linking the pipe to the defendants.[49]

Like the plaintiffs in *Creppel* and *Guidry*, Trosclair has failed to point the Court to any direct evidence linking Hilcorp to the submerged pipe. Indeed, Trosclair concedes in his Opposition brief that the underlying pipe was not located on property

---

[44] 236 Fed.Appx. 24, 25 (5th Cir. 2007).
[45] *Id.*
[46] *Id.* (citing *Creppel*, 738 F.2d 699).
[47] *Guidry*, 236 Fed.Appx. at 25.
[48] *Id.*
[49] *Id.* at 26.

owned or leased by Hilcorp, and Trosclair has not directed the Court to any evidence indicating that Hilcorp owned, maintained, controlled, or placed the pipe at issue. Trosclair's argument is based on speculation that because it is common for Hilcorp to have active and nonactive assets on unleased property, there is a material issue of fact as to whether Hilcorp maintained any assets on the unleased property where the allision occurred. Like the Fifth Circuit in *Guidry,* the Court finds that Trosclair's speculative assertion is insufficient to link the pipe to Hilcorp.[50]

The undisputed evidence before the Court demonstrates that the pipe was not located on property owned or leased by Hilcorp, and that Hilcorp did not own, maintain, control, or place the pipe. Leslie Landry, an employee and landman for Hilcorp, confirmed during his deposition that Hilcorp maintains assets on unleased property.[51] Landry, however, clarified that Hilcorp does not own or lease anything at the three sets of coordinates where the allision occurred, nor does Hilcorp have any assets, properties, or equipment on the unleased property.[52] Willard Thibodeaux, Jr., Hilcorp's general counsel and construction foreman,[53] similarly testified during his deposition that Hilcorp does not own, maintain, or control anything in the area where the pipe was located, nor did Hilcorp ever place anything in the water at the location or derive any benefit from anything at that location.[54] Thibodeaux further testified that Hilcorp does not have any operations in the area where the pipe was

---

[50] *Id.*
[51] R. Doc. 35-4 at pp. 9, 20; R. Doc. 37-2 at pp. 2, 7.
[52] R. Doc. 35-4 at pp. 9, 10-11; R. Doc. 37-2 at p. 7.
[53] R. Doc. 37-3 at pp. 2, 3; R. Doc. 35-5 at p. 7.
[54] R. Doc. 35-5 at p. 13.

located.⁵⁵ Trosclair did not address this testimony in his Opposition brief.⁵⁶ As such, the undisputed evidence before the Court shows that Hilcorp does not own or lease the property where the allision occurred and that the pipe was not owned, maintained, controlled, or placed by Hilcorp.

In his Opposition brief, Trosclair argues that there is a genuine issue of material fact as to Hilcorp's ownership and/or control of the pipe because, "The pipeline involved in the underlying allision is located in an area of Lake Pelto that is surrounded to the north, south and west by Hilcorp leases and assets, including an old separation facility located on unleased lands with multiple incoming pipelines."⁵⁷ The Court acknowledges that the undisputed evidence before the Court, namely the testimony of Landry and Thibodeaux, confirms that Hilcorp owns leases to the north and southwest of the allision site and also owns a platform with pipelines to the northwest of the allision site.⁵⁸ However, the Fifth Circuit in *Creppel* and *Guidry* rejected similar attempts to prove tort liability based on the fact that the defendant operated wells near the allision site.⁵⁹ As previously noted, the Fifth Circuit in *Guidry* held that, "To establish liability the Guidries must prove that the pipe was owned, maintained, controlled, or placed in position by either Apache or Chevron. They have presented no summary judgment evidence linking the pipe to either defendant."⁶⁰ The *Guidry* court concluded that, "Faced with similar facts in *Creppel*,

---

⁵⁵ *Id.*
⁵⁶ *See, generally,* R. Docs. 37, 37-2.
⁵⁷ R. Doc. 37 at pp. 2, 5 (*citing* R. Docs. 37-2 at pp. 5-6, 9; R. Doc. 37-3 at pp. 9, 10, 12; R. Doc. 37-4).
⁵⁸ R. Doc. 35-4 at pp. 7-8; R. Doc. 37-2 at pp. 5-6; R. Doc. 37-3 at pp. 8-12; R. Doc. 37-4.
⁵⁹ *Creppel v. Shell Oil Co.*, 738 F.2d 699, 701 (5th Cir. 1984); *Guidry v. Apache Corp. of Del.*, 236 Fed.Appx. 24, 25 (5th Cir. 2007).
⁶⁰ *Guidry*, 236 Fed.Appx. at 25 (citing *Creppel*, 738 F.2d 699) (internal citation to *Creppel* omitted).

we explained that the plaintiff could not survive summary judgment without some evidence linking the defendant to the submerged pipe. **It is not enough that the defendants' operations were closest to the allision site."** [61] Based on the foregoing authority, the Court finds that Trosclair's assertion that Hilcorp had leases in the area near the allision site is not sufficient, for summary judgment purposes, to link the pipe to Hilcorp. The fact that Hilcorp is unaware of the conditions of its pipelines in the area surrounding the allision site raises only a "metaphysical doubt" as to alleged material facts in this case and, therefore, does not raise a genuine issue of material fact to preclude summary judgment.[62]

The Court further rejects Trosclair's suggestion that the fact that Hilcorp hired a diving company to locate and remove the pipe involved in the allision suggests that Hilcorp was responsible for the pipe.[63] As an initial matter, Trosclair makes no argument as to how Hilcorp's removal of the pipe shows that Hilcorp owns, possesses or otherwise has "*garde*" over the pipe, asserting only that, "Hilcorp paid for C-Dive to locate and remove the pipeline involved in the underlying allision."[64] Such a conclusory statement is insufficient to raise a genuine issue of material fact. More importantly, however, Trosclair cites no legal authority for its assertion that hiring a company to remove the pipe is sufficient to establish that Hilcorp had any legal duty with respect to the pipe.[65] The Court finds that Hilcorp's decision to send a diving

---

[61] *Guidry*, 236 Fed.Appx. at 25 (citing *Creppel*, 738 F.2d 699) (emphasis added).
[62] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[63] R. Doc. 37 at p. 5.
[64] *Id. See, Id.* (*citing* R. Doc. 37-3 at pp. 6-7; R. Doc. 37-5).
[65] *See, generally,* R. Doc. 37.

crew to retrieve the pipe is not indicative of Hilcorp's duty to remove the pipe. There is no indication from the evidence before the Court that Hilcorp sent divers to remove the pipe because it had a legal duty to remove it. Trosclair fails to explain how this subsequent remedial measure taken by Hilcorp shows that Hilcorp had ownership and/or control of the pipe at the time of the allision.

Based on the foregoing undisputed evidence, the Court finds that Trosclair has failed to show that genuine issues of material fact preclude summary judgment in this case. The undisputed evidence before the Court shows that Hilcorp did not own, control, place, or maintain the pipe struck by Trosclair and further shows that Hilcorp did not own or lease the property where the allision occurred. As such, and pursuant to the Fifth Circuit precedent set forth in *Creppel* and *Guidry*, the Court finds that Trosclair cannot prove an essential element of his maritime tort case – that Hilcorp owed him a legal duty as to the pipe. Hilcorp is, therefore, entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Hilcorp Energy Company's Motion for Summary Judgment[66] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, April 19, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[66] R. Doc. 35.